UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOHN O. MURRIN III, et al., | Case No. 07-CV-1295 (PJS/RLE) |
| Plaintiffs, | |
| v. | ORDER |
| JASON E. FISCHER, et al., | |
| Defendants. | |

---

This matter is before the Court on various objections to the January 18, 2008 Report and Recommendation ("R&R") of Chief Magistrate Judge Raymond L. Erickson. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Judge Erickson has done yeoman's work in addressing the many motions before him, most of which pertain to the adequacy of the first amended complaint. The most difficult problem confronted by Judge Erickson in considering the parties' motions — and the most difficult problem confronted by the Court in considering the objections to Judge Erickson's R&R — is that the plaintiffs' complaint is "nearly impossible to fathom . . . ." R&R at 62.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The plaintiffs' first amended complaint was filed in blatant violation of this rule. The first amended complaint is not "short"; to the contrary, it is, in Judge Erickson's words, a "paragon of prolixity," at 153 pages and 626 paragraphs. R&R at 62. And the plaintiffs' first amended complaint is not "plain." It is, instead, "convoluted and confusing" — an almost impenetrable stew of "advocacy[,] . . . suspicion and conjecture." *Id.*

The plaintiffs are represented by counsel, and plaintiff John O. Murrin, III is himself a lawyer and a member of this Court's bar, so presumably the plaintiffs are aware of the requirements of Rule 8. Perhaps the plaintiffs are simply unable to comply with Rule 8, but the Court is concerned that they may be acting strategically. The plaintiffs' litigation strategy resembles nothing so much as *peine forte et dure* — a method of torture by which heavier and heavier weights are placed on the chest of a defendant until the defendant either confesses or suffocates. The plaintiffs apparently intend to make every conceivable claim against every conceivable defendant, bring every conceivable motion in connection with those claims, and make every conceivable argument in support of those motions. The Court will not permit the plaintiffs to bury their opponents — and the Court — under mountains of paper. For that reason, the Court will dismiss the plaintiffs' entire complaint for failure to comply with Rule 8. *See In re Buffets, Inc. Sec. Litig.*, 906 F. Supp. 1293, 1299 (D. Minn. 1995).

The plaintiffs have pending a motion for permission to file a second amended complaint. Remarkably, the plaintiffs seek to *expand* their already abusively long complaint to a total of 187 pages and 745 paragraphs. A quick skim of the second amended complaint reveals that it is no less "convoluted and confusing" than the first amended complaint; like the first amended complaint, it is "an endless, repetitious, and confounding collage of allegations . . . ." R&R at 63 n.10. Needless to say, the Court will not give the plaintiffs permission to commit an even more egregious violation of Rule 8. Thus the plaintiffs' motion for permission to file the second amended complaint is denied.

If this Court were to simply dismiss the plaintiffs' complaint for its failure to comply with Rule 8, the plaintiffs would undoubtedly file another complaint — this one perhaps

approaching 200 pages and 1000 paragraphs — and some other judge would be forced to undertake "the herculean task of divining what it is that the Murrins are truly asserting." R&R at 63 n.10. This Court will not inflict that burden on another judge. Moreover, in his R&R, Judge Erickson was able to recommend dismissal of a number of the Murrins' claims on the merits. The Court does not want Judge Erickson's careful work to go to waste, and does not want the defendants to have to brief and argue their motions all over again. Thus, the Court will proceed as follows:

    1. Judge Erickson's R&R is adopted. To the extent that Judge Erickson recommends that a claim be dismissed with prejudice and on the merits, that claim is so dismissed.[1]

    2. The remainder of the plaintiffs' first amended complaint will be dismissed without prejudice for failure to comply with Rule 8. That dismissal will be stayed until March 31, 2008.

    3. If the plaintiffs wish to continue to litigate their claims in federal court, they must file an amended complaint by March 31, 2008. That amended complaint (a) must not exceed 15,000 words; (b) must set forth the plaintiffs' claims plainly and understandably, without advocacy, repetition, or conjecture; (c) must not include any claims that have been dismissed by virtue of the adoption of Judge Erickson's R&R; (d) must not include any new claims (that is, claims that

---

[1] The Court notes that, in their objections, the Fischer defendants have asked for clarification concerning the status of certain claims that were not expressly addressed in the R&R. Having conducted a de novo review, the Court is satisfied that Judge Erickson intended to recommend denial of the Fischer defendants' motion with respect to those claims and that that disposition is correct.

do not appear in the first amended complaint), except insofar as permitted by Judge Erickson's R&R[2]; and (e) must be signed in compliance with Fed. R. Civ. P. 11.

4. If the plaintiffs choose to file an amended complaint consistent with this order, the Court asks Judge Erickson to consider whether discovery and motions practice may be structured in such a way as to allow the parties to take discovery on, and the Court to resolve any motions concerning, the plaintiffs' federal claims before the parties take discovery on, and the Court devotes additional time to considering, the plaintiffs' state claims. If the Court were to dismiss the federal claims (and the Court implies nothing about the merits of those claims), the Court would be strongly inclined to remand the more numerous and weighty state claims.

Finally, the Court addresses a housekeeping matter: The plaintiffs have adopted the practice of filing separate motions, briefs, and objections, and then incorporating each others' arguments by reference. Other than to evade word limits and bury the Court and the defendants under yet more piles of paper, there is absolutely no reason for this, as the plaintiffs are a married couple who assert the same claims based on the same alleged injuries and are represented by the same attorneys.[3] The Court will therefore no longer permit this practice. In the future, the plaintiffs will be deemed to be a single party for purposes of the Local Rules of this Court.

---

[2]Judge Erickson recommended that the plaintiffs be permitted to add a claim for punitive damages against Fischer and to replead the RICO claim "*if they have a legitimate Rule 11 basis to do so.*" R&R at 80 n.16 (emphasis in original).

[3]Plaintiff John Murrin represents both himself and plaintiff DeVonna Murrin. The docket also lists Christopher A. LaNave as attorney for both plaintiffs. Although LaNave was originally admitted pro hac vice for the purpose of representing DeVonna Murrin, *see* Docket No. 32, LaNave has appeared for both plaintiffs during a number of the proceedings before Judge Erickson and has also filed motions and other papers on behalf of both plaintiffs, *see, e.g.*, Docket Nos. 125, 126, 137 ¶ 1, 157, 181 ¶ 1, 193 ¶ 1, 197 ¶ 1, 236. For that reason, LaNave is considered an attorney of record for both plaintiffs.

Unless they receive the advance permission of Judge Erickson to do otherwise, the plaintiffs are directed to file any future motions, briefs, and objections jointly and in compliance with the Local Rules.

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the January 18, 2008 R&R [Docket No. 299]. IT IS HEREBY ORDERED THAT:

1. The motions of Jason E. Fischer, Fischer, Fischer & Jeffery, LLC, Fischer, Fischer & Jeffery, LLP, Law Offices of Fischer & Fischer, Jennifer K. Fischer, Agassiz Ridge, LLC, Woods by Bluestem, LLC, Bluestem Development, LLC, Investors Real Estate Services, LLC, a/k/a INRE Title and A-1 Settlement, n/k/a Real Source Title to dismiss [Docket Nos. 7 and 82] are GRANTED IN PART as follows:

   a. The motion to dismiss malpractice claims as to Fischer based on a third-party-beneficiary theory is GRANTED, and the motion to dismiss all other malpractice claims as to Fischer is DENIED;

   b. The motion to dismiss fraud claims as to Fischer is DENIED;

   c. The motion to dismiss RICO claims, as to all of the defendants, is GRANTED;

   d. The motion to dismiss consumer fraud claims, as to Fischer, is DENIED;

   e. The motion to dismiss theft of property claims pursuant to Minn. Stat. § 604.14, as to Fischer, is DENIED, and the motion to dismiss theft of property claims pursuant to Minn. Stat. § 609.52, as to Fischer, is GRANTED;

    f.    The motion to dismiss all claims as to Jennifer K. Fischer is GRANTED;

    g.    The motion to dismiss all claims as to Agassiz Ridge, LLC, Woods by Bluestem, LLC, Bluestem Development, LLC, Investors Real Estate Services, LLC, a/k/a INRE Title and A-1 Settlement, n/k/a Real Source Title, is DENIED; and

    h.    All other aspects of the Fischer defendants' motions to dismiss are DENIED.

2.    The motion of Danisa Leflore and Monet Management, Ltd. to dismiss [Docket No. 48] is GRANTED.

3.    The motion of Greg Kaiser and Hay River Capital, LLC for judgment on the pleadings [Docket No. 58] is GRANTED.

4.    Layne Brent Jeffery's motion to dismiss [Docket No. 65] is GRANTED.

5.    The motion of Charles Senn and Country Square Apartments, LLC to dismiss [Docket No. 141] is DENIED as moot.

6.    The motion of Layne Brent Jeffery for joinder in the Fischer defendants' opposition to the plaintiffs' motion for default judgment [Docket No. 152] is DENIED as moot.

7.    The Murrins' motion to amend/correct the first amended complaint [Docket No. 172] is GRANTED IN PART, and DeVonna K. Murrin's motion for joinder in motion to amend complaint [Docket No. 214] is DENIED as moot.

8.    The motion of Jason E. Fischer, Fischer, Fischer & Jeffery, LLC, Fischer, Fischer & Jeffery, LLP, Law Offices of Fischer & Fischer, Jennifer K. Fischer, Agassiz Ridge, LLC, Woods by Bluestem, LLC, Bluestem Development, LLC, Investors Real Estate Services, LLC, a/k/a INRE Title and A-1 Settlement, n/k/a Real Source Title, for sanctions [Docket No. 224] is DENIED.

9. The Murrins' motion for attachment and injunction as to Charles Senn and Country Square Apartments [Docket No. 239], is DENIED as moot.

10. Charles Senn and Country Square Apartments' motion for sanctions [Docket No. 265] is DENIED as moot.

11. The remainder of the plaintiffs' first amended complaint will be dismissed without prejudice for failure to comply with Rule 8 on March 31, 2008. If the plaintiffs wish to continue to litigate their claims in federal court, they must, by March 31, 2008, file an amended complaint that complies with the directives set forth above.

12. The plaintiffs are directed to file any future motions, briefs, and objections jointly and in compliance with the Local Rules, unless they receive advance permission from Judge Erickson to proceed otherwise. The plaintiffs will together be deemed to be a single party for purposes of the Local Rules.

Dated: February 25, 2008              s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge