UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN O. MURRIN III and<br>DEVONNA K. MURRIN,<br><br>    Plaintiffs,<br><br>v.<br><br>AVIDIGM CAPITAL GROUP, INC. and<br>STEVEN J. MATTSON,<br><br>    Defendants. | Case No. 07-CV-1295 (PJS/RLE)<br><br><br><br>ORDER FOR JUDGMENT |

John O. Murrin III, MURRIN LAW FIRM; and Christopher A. LaNave, for plaintiffs.

This matter is before the Court on plaintiffs' motion for a default judgment pursuant to Fed. R. Civ. P. 55. The Court held a hearing on plaintiffs' motion on March 24, 2010. Defendants Avidigm Capital Group, Inc. ("Avidigm") and Steven Mattson did not appear.

This case arises out of a Ponzi scheme run by Avidigm and Mattson. Avidigm, a Minnesota corporation, held itself out as a real-estate business that would buy foreclosed properties and sell them at a profit. Sixth Am. Compl. ¶ 12. Mattson was the president and CEO of Avidigm. *Id.* ¶¶ 8, 12. By making numerous false representations about Avidigm's financial condition and other matters, Avidigm and Mattson fraudulently induced the Murrins to invest $600,000 in Avidigm. In exchange for the Murrins' $600,000 investment, Avidigm signed a promissory note under which Avidigm was to make interest payments of $11,000 per month. *See* Murrin Decl., Feb. 10, 2010 [hereinafter "Murrin Decl."] Ex. 3 [hereinafter "Note"]. The Note was originally due on November 30, 2005, but in December 2005 the Murrins granted a one-year renewal. Note ¶ 1; Sixth Am. Compl. ¶ 32. Notably, under the Note interest accrues on the

unpaid principal and is payable in monthly installments "provided that [Avidigm] has not made prepayment of any portion of the Principal Sum . . . ." Note ¶ 3. In other words, interest has continued to accrue up until this day. Avidigm also agreed that, in the event of a default, it would pay all costs of collection, including reasonable attorney's fees. Note ¶ 6. At the time that Avidigm executed the Note, Mattson signed a Guaranty for "all obligations of [Avidigm]" under the Note. Murrin Decl. Ex. 4.

Avidigm did not make its January 2006 interest payment and has not paid any interest since, nor did Avidigm pay the Note when due. Murrin Decl. ¶ 12. Despite the Murrins' demands, Avidigm has not cured its default, and Mattson has not fulfilled his obligations under the Guaranty.

In their Sixth Amended Complaint, plaintiffs bring ten claims: Count I (conspiracy against both defendants); Count II (breach of contract against Avidigm); Count III (breach of contract/guaranty against Mattson); Count IV (fraud against both defendants); Count V (negligence and negligent misrepresentation against both defendants); Count VI (consumer fraud against both defendants); Count VII (violation of state securities law against both defendants); Count VIII (violation of federal securities law against both defendants); Count IX (violation of the Minnesota Deceptive Trade Practices Act against both defendants); and Count X (civil theft in violation of Minn. Stat. § 604.14 against both defendants).

As the Court explained at the hearing, the factual allegations in the Sixth Amended Complaint — which are now deemed to be true by virtue of defendants' default, *see Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) — adequately establish defendants' liability on Counts II, III, IV, and X, including liability for double damages under Minn. Stat. § 604.14,

subd. 1. The Court has also examined plaintiffs' submissions with respect to damages and finds that plaintiffs have adequately proven that they are entitled to recover their $600,000 investment in connection with their breach-of-contract, fraud, and civil-theft claims as well as $550,000 in interest (calculated through February 28, 2010 — the March 2010 payment not yet being due) on their breach-of-contract claims. Together with the $600,000 in double damages under § 604.14, defendants are liable to plaintiffs for $1,750,000.[1]

The only remaining item of damages is the Murrins' claim for attorney's fees and costs. As noted, in the event of default Avidigm is responsible for "all costs of collection, including reasonable attorney's fees . . . ." Note ¶ 6. By virtue of the Guaranty, Mattson is also liable for the costs of collection. Murrin Decl. Ex. 4 at 1 (guaranteeing "all obligations of [Avidigm] to [the Murrins] . . . under that certain secured promissory note of even date").

The Murrins claim to have filed four "Avidigm-related" lawsuits against a wide array of defendants and to have incurred nearly $500,000 in fees and costs in connection with these lawsuits. Docket No. 403 at 18, 20. According to the Murrins, "[i]t would be impossible to separate which expense or fee was related to each case or party because of the overlap." *Id.* at 20-21. For this reason, the Murrins request "only" half of their claimed fees and costs from Avidigm and Mattson — a request that the Murrins characterize as "more than fair . . . ." *Id.* at 21.

---

[1]At the hearing, plaintiffs agreed to dismiss their remaining claims against Avidigm and Mattson. The Court notes that, even if plaintiffs had not agreed to dismiss these claims, the Court would dismiss them for failure to prosecute because plaintiffs did not adequately brief them in their memorandum in support of their motion for default judgment. *See* Docket No. 393 at 8-9 (warning plaintiffs that the facts admitted through default must constitute a legitimate cause of action and ordering plaintiffs to file a properly supported motion for default judgment no later than February 10, 2010 or face dismissal for failure to prosecute).

The Murrins' fee request betrays several fundamental misconceptions about their contractual right to recover fees as well as the burden that they bear to prove that their claimed amount is reasonable. The Note gives the Murrins the right to recover the reasonable fees and costs of "collection" — that is, collection of the amounts due under the Note — in the event of Avidigm's default. It does not give them the right to recover any and all fees and costs incurred in pursuing any and all claims — including statutory, tort, and punitive-damages claims — against Avidigm and Mattson. Much less does it give the Murrins the right to recover from Avidigm and Mattson fees and costs that were incurred in pursuit of claims against dozens of other individuals and entities.

In addition, the Murrins' contractual right to attorney's fees is limited to "reasonable" fees. This Court has first-hand knowledge of the Murrins' litigation strategy, which the Court earlier observed "resembles nothing so much as *peine forte et dure* — a method of torture by which heavier and heavier weights are placed on the chest of a defendant until the defendant either confesses or suffocates." Docket No. 337 at 2. Perhaps never in the history of this District has more paper been filed by a litigant to less effect. By way of example, the Court points out that the docket in this case contains over *four hundred entries* despite the fact that this action has barely progressed past the *pleading stage*. The Murrins have proven to be singularly incapable of following the Federal Rules of Civil Procedure and singularly incapable of following the directions of this Court.

This is all the more astonishing in light of the fact that the Murrins could have obtained a judgment on their breach-of-contract claims against Avidigm and Mattson within a couple of months of filing suit and for a tiny fraction of the fees and costs they claim to have incurred. The

parties' contracts are clear; the breach has never been in dispute; the amount of damages is readily calculable; and, most importantly, both Avidigm and Mattson have been in default since this case was removed to federal court in February 2007. Any competent attorney could have filed a complaint against Avidigm and Mattson — a simple complaint running five to ten pages — and, once Avidigm and Mattson failed to answer, obtained a default judgment for the amount due under the contract. It should not have taken three years, four lawsuits, thousands of pages of filings, and a half-million dollars in attorney's fees to get to this point. The Murrins' claim that they should recover a quarter of a million dollars for pursuing their breach-of-contract claims is absurd.

The Murrins also appear to misunderstand the manner by which a plaintiff must establish his right to fees. It is a plaintiff's burden to document the hours reasonably expended and the appropriate hourly rate. *Ryther v. Kare II*, 864 F. Supp. 1525, 1532 (D. Minn. 1994). Although the Murrins have submitted timesheets and related documentation in support of their fee request, they do not even attempt to identify the hours spent and expenses incurred in pursuit of their breach-of-contract claims against Avidigm and Mattson — the only claims for which they are contractually entitled to recover fees and costs. Instead, the Murrins freely admit that it would be "impossible" to determine which hours were spent in pursuit of which claims against which defendants. This is plainly insufficient.

Because the Murrins' fee request is patently unreasonable, and because the Murrins have made no attempt to determine which hours and which expenses were incurred in connection with the claims for which they are or might be entitled to fees, the Court will grant the Murrins'

request for fees and costs only in part.[2]  In the Court's experience, plaintiffs in cases more complex than this case are normally able to obtain a default judgment for considerably less than $10,000 in fees and costs.  The Court will therefore award $10,000 in fees and costs to the Murrins, which the Court believes to be more than reasonable for obtaining a default judgment in a simple breach-of-contract case.  *Cf. Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) (district courts may draw on their own experience and knowledge of prevailing market rates).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for default judgment [Docket No. 401] is GRANTED IN PART and DENIED IN PART.

2. Plaintiffs' motion is GRANTED with respect to Counts II, III, IV, and X of their Sixth Amended Complaint [Docket No. 384].

3. Defendants are jointly and severally liable to plaintiffs in the total amount of $1,760,000, which amount is broken out as follows:

    a. $600,000 in principal in connection with plaintiffs' breach-of-contract, civil-theft, and fraud claims (Counts II, III, IV, and X);

---

[2] The Murrins primarily seek fees under the Note, but make passing reference to their possible entitlement to fees in connection with some of their statutory claims.  As noted earlier, however, the Murrins agreed to dismiss those claims.  Even if they had not, the Court would have dismissed them for the reasons explained above.  And even if the Murrins had recovered on those statutory claims, the Court would not award attorney's fees because of the grossly unreasonable litigation tactics of the Murrins and because the Murrins have not made any attempt to show the amount of their fees and costs that was incurred in pursuit of the statutory claims against Avidigm and Mattson.

   b.  $600,000 in double damages in connection with plaintiffs' civil-theft claim (Count X);

   c.  $550,000 in interest in connection with plaintiffs' breach-of-contract claims (Count II and III); and

   d.  $10,000 in attorney's fees and costs in connection with plaintiffs' breach-of-contract claims (Counts II and III).

4. Plaintiffs' motion is DENIED in all other respects.

5. Counts I, V, VI, VII, VIII, and IX of plaintiffs' Sixth Amended Complaint are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 25, 2010           s/Patrick J. Schiltz
                      Patrick J. Schiltz
                      United States District Judge